# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON WASHINGTON, | CASE NO. 1:07-cv-00348-OWW-NEW (DLB) PC |
| Plaintiff, | ORDER REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT |
| v. | (Doc. 1) |
| JAMES YATES, et al., | |
| Defendants. | |

/

This is a civil action filed by plaintiff Clinton Washington ("plaintiff"), a state prisoner proceeding pro. The action was removed from the Fresno County Superior Court to this Court by defendants Igbinosa and Yates ("defendants") on March 2, 2007.

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1

Dockets.Justia.com

1  to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems,

2  Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

3      In their notice of removal, defendants contend that the action is one brought pursuant to 42

4  U.S.C. § 1983 and plaintiff alleges that they were deliberately indifferent to his serious medical

5  needs. (Doc. 1, 2:3-4.) "The presence or absence of federal-question jurisdiction is governed by the

6  well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal

7  question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v.

8  Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the

9  plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on

10  state law." Id.

11      Defendant's contention that this action arises under federal law is not supported by a review

12  of plaintiff's complaint.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979)

13  (existence of federal jurisdiction determined by the complaint at the time of removal).  Although

14  plaintiff could have brought this action in this Court pursuant to 42 U.S.C. § 1983 and alleged that

15  defendant violated his rights under the United States Constitution, he did not do so.  Plaintiff's

16  decision to file suit in state court utilizing a state civil complaint form alleging state law claims

17  demonstrates that plaintiff exercised his right to rely exclusively on state law.  Caterpillar, Inc., 482

18  U.S. at 392.

19      This Court lacks subject matter jurisdiction over this action and it shall therefore be

20  remanded to Fresno County Superior Court.

21      Accordingly, this Court hereby:

22  1.    REMANDS this action to the Fresno County Superior Court; and

23  2.    DIRECTS this Court's clerk to serve a copy of this order on the Fresno County

24        Superior Court and to serve the parties in the customary manner.

25  IT IS SO ORDERED.

26  **Dated:    March 6, 2007**            _____/s/ Oliver W. Wanger_____
    emm0d6                          UNITED STATES DISTRICT JUDGE

27

28